Williams v. Nat'l R.R. Passenger Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of November, two thousand twenty.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
             JOSEPH F. BIANCO,
                     *Circuit Judges*.

_____

VINCENT WILLIAMS,

                *Plaintiffs-Appellants*,

             v.                                              19-2472

NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK),
Y. SANTIAGO, AMTRAK POLICE OFFICER; BADGE NO. 307; IN HIS OFFICIAL
CAPACITY, W. GONZALEZ, AMTRAK POLICE OFFICER;
BADGE NO. 301; IN HIS OFFICIAL CAPACITY, JOHN DOE 1,
AN AS YET UNIDENTIFIED AMTRAK POLICE OFFICER;
IN HIS OFFICIAL CAPACITY,

                *Defendants-Appellees*.

_____

Appearing for Appellant:     Vincent Williams, pro se, Bronx, N.Y.

Appearing for Appellee:      William G. Ballaine, Landman Corsi Ballaine & Ford P.C., New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Vincent Williams appeals from the July 9, 2019 judgment of the United States District Court for the Southern District of New York (Cote, *J.*) granting defendants National Railroad Passenger Corporation ("Amtrak"), Amtrak police officers Y. Santiago and W. Gonzalez, and an unidentified John Doe police officer summary judgment on Williams' claims brought under 42 U.S.C. § 1983 and *Monell v. Department of Social Service*, 436 U.S. 658 (1978), including claims for false imprisonment or false arrest, and assault and battery or excessive force. Williams' claims arose out of a 2015 incident in which the defendant officers arrested him in New York's Penn Station after a minor told them Williams had peeked his head under a restroom stall to look at and take pictures of him. The officers searched Williams's cell phone and detained him for approximately two hours, including less than an hour in handcuffs, before releasing him without charges. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). The "Court has discretion to affirm a district's court grant of summary judgment on any ground appearing in the record." *Deep Woods Holdings, L.L.C. v. Sav. Deposit Ins. Fund*, 745 F.3d 619, 623 (2d Cir. 2014). A party cannot defeat a motion for summary judgment with "conclusory allegations or unsubstantiated speculation." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (internal quotation marks omitted).

## I.     False Arrest

"A Fourth Amendment seizure occurs when there is a governmental termination of freedom of movement through means intentionally applied." *Russo v. City of Bridgeport*, 479 F.3d 196, 208 (2d Cir. 2007) (internal quotation marks, brackets, and ellipses omitted). In analyzing § 1983 claims based on the Fourth Amendment, including claims for false arrest and false imprisonment, we generally look to the law of the state in which the arrest occurred. *Id*. at 203, 208. Under New York law, "false arrest is . . . false imprisonment accomplished by means of an unlawful arrest." *Jenkins v. City of New York*, 478 F.3d 76, 88 n. 10 (2d Cir. 2007). "To prevail on a claim of false arrest under New York law, the plaintiff must show that: (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Wright v. Musanti*, 887 F.3d 577, 587 (2d Cir. 2018).

Probable cause is an absolute defense to a false arrest claim. *Id.* "Officers have probable cause when they have knowledge or reasonably trustworthy information of facts and circumstances

that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Hernandez v. United States*, 939 F.3d 191, 199 (2d Cir. 2019) (internal quotation marks omitted). In determining whether there was probable cause, we consider the totality of the circumstances, reviewing "plainly exculpatory evidence alongside inculpatory evidence to ensure the court has a full sense of the evidence that led the officer to believe that there was probable cause to make an arrest." *Stansbury v. Wertman*, 721 F.3d 84, 93 (2d Cir. 2013) (internal quotation marks omitted). "[A]bsent circumstances that raise doubts as to the victim's veracity, a victim's identification is typically sufficient to provide probable cause." *Id.* at 90 (internal quotation marks omitted).

The defendants assert that, at the time of arrest, the officers were investigating the crime of unlawful surveillance under New York Penal Law § 250.45, and that throughout the duration of Williams's detention—even after discovering that there were no photographs of the complainant on Williams's cell phone—they continued to have probable cause that he had attempted that crime, under New York Penal Law § 110.00.[1] Williams argues that the district court erred in determining that the officers had probable cause for four reasons: he was clearly physically incapable of bending down to look under a restroom stall; he was not wet and dirty as he would have been if he had been on the floor of a Penn Station restroom; the officers' search revealed that he did not have pictures of the complainant on his phone; and the court did not identify what crime for which the officers had probable cause to arrest him. However, he fails to show that his physical appearance at the time of his arrest gave rise to sufficient doubt about the complainant's veracity to undermine a finding of probable cause. There is no evidence suggesting that his back and neck disabilities, even if severe, were visible to the officers; he was not using a cane and was middle aged. There is no evidence that the floors were wet or that any dirt from the floor would have been visible on his clothing. The fact that the officers did not find pictures of the complainant on his phone was also not entirely exculpatory. Williams was identified in person by the complainant, alleged to have not only taken pictures but also looked under the stall while the complainant was using the toilet, and he had other graphic images on his phone. Thus, throughout the duration of his arrest and detention, the officers had reason to believe he had attempted unlawful surveillance under N.Y. Penal L. §§ 250.45 and 110.00, if not some other crime related to the invasion of privacy.

## II. Excessive Use of Force

Under New York law, assault is "an intentional placing of another person in fear of imminent harmful or offensive contact" and a battery is "an intentional wrongful physical contact with another person without consent." *Green v. City of New York*, 465 F.3d 65, 86 (2d Cir. 2006). The district court construed Williams's claims for assault and battery, asserted under § 1983, as a Fourth Amendment claim for excessive use of force. Williams does not dispute this characterization.

---

[1] A person is guilty of unlawful surveillance in the second degree when he "uses or installs, or permits the utilization or installation of an imaging device to surreptitiously view, broadcast or record a person in a . . . restroom . . . without such person's knowledge or consent," or in other circumstances. N.Y. Penal L. § 250.45(3). A person is guilty of attempt to commit a crime "when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." N.Y. Penal L. § 110.00.

"The Fourth Amendment prohibits the use of excessive force in making an arrest[.]" *Brown v. City of New York*, 798 F.3d 94, 100 (2d Cir. 2015). A police officer's use of force is excessive if it is "objectively unreasonable in light of the facts and circumstances confronting them, without regard to the officers' underlying intent or motivation." *Jones v. Parmley*, 465 F.3d 46, 61 (2d Cir. 2006) (internal quotation marks and alteration omitted). Determining excessiveness requires a careful attention to "the facts and circumstances of each particular case," *id*., including three factors: "(1) the nature and severity of the crime leading to the arrest, (2) whether the suspect poses an immediate threat to the safety of the officer or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010) (citing *Graham v. Connor,* 490 U.S. 386, 396, (1989)); *see also Brown*, 798 F.3d at 100. "The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396 (internal quotation marks omitted). "A plaintiff must also demonstrate that the officer was made reasonably aware that the force used was excessive." *Cugini v. City of New York*, 941 F.3d 604, 608 (2d Cir. 2019).

On appeal, Williams argues that his handcuffing was an excessive use of force under the circumstances of his arrest. At his deposition, Williams stated that while Gonzalez left him alone in the holding cell to confer with Gonzalez's supervisor, only his left hand was handcuffed to the table. He also stated that Gonzalez treated him with courtesy and did not at any time manhandle or hurt him. He estimated that he was handcuffed for a total of approximately 55 minutes; 10 minutes alone, then 30 minutes reviewing photos with Gonzalez, then another 10 or 15 minutes alone before Gonzalez returned and told him he was free to go.

Applying the three relevant factors to the evidence regarding the arrest, and drawing all inferences in Williams's favor, Officer Gonzalez's use of force was objectively reasonable. The crime Williams was suspected of was nonviolent, but the alleged victim was a minor, and the crime was either a class E felony or a class A misdemeanor. *See* N.Y. Penal L. §§ 250.45 (unlawful surveillance in the second degree is a class E felony); 110.05 (an attempt to commit a class E felony is a class A misdemeanor). Although there was no evidence Williams posed a threat to the officers, he potentially posed a threat to other minors or adults based on the nature of the crime alleged. There was no evidence he was resisting arrest or attempting to flee. Finally, there was no evidence Williams made Gonzalez aware that the handcuffs caused him any discomfort or that the officers had otherwise used excessive force; and the use of handcuffs on one wrist, which did not cause Williams any pain or injury, for less than an hour, was an objectively reasonable means to ensure Williams did not flee while Gonzalez conferred with a supervisor.

## III.     Remaining Claims

Williams has waived any challenge to the district court's decision on his claims of negligent hiring, retention, training, and supervision. We "liberally construe[s] pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted). Despite affording pro se litigants "some latitude in meeting the rules governing litigation," we "normally will not[ ] decide issues that a party fails to raise in his or her appellate brief." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998); *see also Terry v. Inc. Village*

*of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) ("Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief." (internal quotation marks omitted)); *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal.").Williams has waived these claims because he does not raise any arguments concerning them in his brief to this Court.  Nor do we consider Williams's argument regarding qualified immunity, raised for the first time in his reply brief.  *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) (stating that courts generally do not consider arguments raised for the first time in reply briefs). In any event, the district court did not reach the issue of qualified immunity in its summary judgment decision.

We have considered the remainder of  Williams' arguments and find them to be without merit.  Accordingly, the order of the district court hereby is AFFIRMED.  Each side to bear its own costs.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk